**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMEEN McCALL : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 19-cv-2568 |
| : | |
| CITY OF PHILADELPHIA AND : | |
| CORRECTIONS OFFICER : | |
| JOJO THAZHATHEL : | |
|     Defendant. : | |

**August 10, 2020**                                                                                            **Anita B. Brody, J.**

## MEMORANDUM

On the evening of June 17, 2019, Plaintiff Ameen McCall was violently attacked and struck in the right eye with a storage container by his cellmate at the Curran-Fromhold Correctional Facility ("CFCF"). Shortly after the assault, Defendant Corrections Officer Jojo Thazhathel visited the cell and saw that McCall was bleeding extensively from his right eye. McCall asked for immediate medical help, but Thazhathel refused to assist him because it was a holiday weekend and no medical personnel were available. Despite working until 7:00 a.m. the next day, Thazhathel did not check-in on McCall during the remainder of his shift. It was not until June 19, 2017 that McCall received medical attention for his eye. Physicians diagnosed McCall with a ruptured globe and fracture of his sinus and nasal bones. They also determined that it was too late to save McCall's eye due to his delayed medical treatment and the severity of the injury.

On June 13, 2019, McCall filed a Complaint ("Original Complaint") against Defendants City of Philadelphia ('City") and Corrections Officer John Doe,[1] alleging that Defendants

---

[1] In the Original Complaint, McCall also brought suit against Defendant Corizon Health. On July 24, 2019, the parties stipulated to the dismissal of Corizon Health.

violated his Eighth and Fourteenth Amendment rights.[2] Shortly after filing the Original Complaint, McCall's counsel began reaching out to City's counsel for assistance in identifying the John Doe Officer. After several failed attempts at getting City's cooperation in identifying the John Doe Officer, McCall filed a motion for leave to conduct limited John Doe Discovery. On September 4, 2019, I granted McCall's motion for John Doe Discovery.

At the Rule 16 Conference on September 26, 2019, McCall's counsel disclosed that they were still encountering difficulty getting the City to identify the John Doe Officer and moved for an extension of time to serve any John Doe Officer. Due to the repeated attempts to learn the identity of the John Doe Officer, I granted McCall's motion for an extension of time to serve any John Doe Officer until on or before November 20, 2019. Before that extension of time expired, on October 29, 2019, McCall filed a First Amended Complaint ("Amended Complaint") replacing the John Doe Officer with newly named Defendant Corrections Officer Jojo Thazhathel. The factual allegations and claims remained the same as in the Original Complaint.

Thazhathel moves to dismiss all claims against him on non-merits grounds under Federal Rule of Civil Procedure 12(b)(6). Specifically, he contends that all claims against him should be dismissed because McCall improperly filed the Amended Complaint or, in the alternative, because the claims are barred by the statute of limitations. For the below reasons, I will deny Thazhathel's motion to dismiss. Thazhathel, however, will have another opportunity to raise his statute of limitations argument once discovery is complete.

## I. STANDARD OF REVIEW

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a

---

[2] McCall brings this action under 42 U.S.C. § 1983. I exercise federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).  Thus, a court may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## II. DISCUSSION

### A. The Filing of the Amended Complaint

Because McCall was unable to file the Amended Complaint within the timeframe provided by Federal of Civil Procedure 15(a) for amending as a matter of course,[3] McCall's only avenue for amending his pleading was "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Thazhathel contends that the Amended Complaint must be dismissed because McCall did not receive the opposing party's written consent or the court's leave to amend.

Rule15(a)(2) requires that a plaintiff obtain the court's leave to amend, but it also instructs that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The only justifications for a court to deny leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.  *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).  "While a District Court has substantial leeway in deciding whether to grant leave to amend, when it refuses this type of request without justifying its decision, this action is 'not an exercise

---

[3] Rule 15(a)(1) provides:
    A party may amend its pleading once as a matter of course within:
        (A) 21 days after serving it, or
        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

of its discretion but an abuse of its discretion.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court never explicitly granted McCall leave to amend the Complaint. At the Rule 16 conference, however, due to McCall's numerous attempts to identify the John Doe Officer, the Court granted McCall an extension of time to serve any John Doe Officer until on or before November 20, 2019. Obviously, when the Court granted the extension to serve it was with the understanding that McCall's counsel would be able to amend the Complaint to name any John Doe Officer once s/he was identified. As a result, on October 29, 2019—within the extended service period—McCall was able to file an Amended Complaint that named Corrections Officer Jojo Thazhathel.

In extending the time to serve, the Court impliedly granted leave to McCall to amend the Complaint with the newly identified defendant. To remove any doubt, the Court today explicitly grants McCall leave to amend the Complaint *nunc pro tunc* because Thazhathel has not presented any justification for denying McCall leave to amend and justice so requires. *See, e.g., Nittany Nova Aggregates, LLC v. WM Capital Partners, LLC*, No. 4:16-CV-00120, 2017 WL 748793, at *6 (M.D. Pa. Feb. 27, 2017) (granting request for leave to amend the complaint *nunc pro tunc* because there was "no evidence in the record indicating that Plaintiff's request [wa]s the result of undue delay, bad faith, dilatory motive, prejudice, or would otherwise be futile"). Therefore, I will deny Thazhathel's motion to dismiss on the basis that the Amended Complaint was improperly filed.

### B. The Statute of Limitations

Thazhathel also argues that McCall's claims against him should be dismissed because

they are barred by the statute of limitations. A statute of limitations defense is an affirmative defense. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "[A] complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Id.* at 248; *see also* Fed. R. Civ. P. 8. A statute of limitations defense may be raised in a motion under Rule 12(b)(6) only if it is apparent on the face of the complaint that the cause of action has not been brought within the statute of limitations. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

In actions brought under § 1983, a court borrows the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 236 (1989). In Pennsylvania, the applicable statute of limitations for § 1983 actions is the two-year statute of limitations applicable to personal injury actions. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citing 42 Pa. Cons. Stat. Ann. § 5524(7)).

It is undisputed that the two-year statute of limitations for McCall's claim began to run when the assault and subsequent interaction with Thazhathel occurred on the evening of June 17 into June 18, 2017. The Original Complaint was filed on June 13, 2019. The Amended Complaint was filed on October 29, 2019. On its face, McCall's Amended Complaint was filed four months after the statute of limitations had expired on June 18, 2019. Thazhathel contends that the claims against him must be dismissed now because the action against him was not brought within the statute of limitations. McCall responds that the claims against Thazhathel were timely filed because the Amended Complaint relates back to the Original Complaint that was filed within the two-year statute of limitations.

The relation back doctrine "can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint."

*Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001). Federal Rule of Civil Procedure 15(c) governs when an amended complaint identifying a John Doe defendant relates back to the original complaint.[4] *Garvin*, 354 F.3d at 220. For an amended complaint identifying a John Doe to relate back, a plaintiff must show:

> (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

*Id.* at 222.

Thazhathel only argues that the Amended Complaint does not relate back to the Original Complaint because Thazhathel did not receive notice of the Amended Complaint within the time period provided by Federal Rule of Civil Procedure 4(m). McCall responds that Thazhathel received timely notice either because good cause extended the period for service under Rule 4(m) or he had constructive notice of the suit under the "shared attorney" method. Rule 4(m)

---

[4] Federal Rule of Civil Procedure 15(c) provides that an amended pleading relates back to the date of the original pleading when:

  (A) the law that provides the applicable statute of limitations allows relation back;

  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

   (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

requires a plaintiff to serve a defendant within 90 days after the complaint is filed, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[5]  Fed. R. Civ. P. 4(m).  "The 'shared attorney' method of imputing Rule 15(c)(3) notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196.

Whether Thazhathel received timely notice based on a good cause extension or the "shared attorney" method requires an examination of facts outside the Amended Complaint.  A finding of good cause for an extension "requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)).  A finding that the "shared attorney" method applies requires proof that notice of the action can be imputed to the newly named defendant within the 90-day service period by virtue of representation the newly named defendant shared with a defendant originally named in the lawsuit.  *Singletary*, 266 F.3d at 196.

---

[5] Although Thazhathel argues that the good cause extension does not apply to Rule 15(c)'s notice requirement, several other circuits have held that Rule 15(c) incorporates any Rule 4(m) extension. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("Rule 15(c)'s notice period incorporates any extension of the [90]-day period under Rule 4(m)."); *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897 n.3 (8th Cir. 2015) (stating that Rule 15(c)'s notice requirement may be extended for good cause); *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 561 (7th Cir. 1996) (remanding to the district court to determine whether good cause existed to extend Rule 15(c)'s notice requirement); *see also Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992) (noting in dicta that the notice requirement can be extended if good cause is shown); *Green v. Robinson*, 112 F. App'x 165, 169-70 (3d Cir. 2004) (considering whether there was good cause to extend the time for service, which would extend Rule 15(c)'s notice requirement). Thus, it is very likely that Rule 15(c)'s notice period incorporates any Rule 4(m) extension.

As previously noted, "a plaintiff is not required to plead . . . facts sufficient to overcome an affirmative defense." *Schmidt*, 770 F.3d at 251. Here, McCall elected not to plead any facts in the Amended Complaint pertaining to his statute of limitations defense. Rather, both parties rely on documents they attached to their briefs to argue the applicability of the relation back doctrine and the existence of good cause and the "shared attorney" method. Pl.'s Resp., Exs. A-M, ECF No. 31; Def.'s Mot. Dismiss, Ex. F, ECF No. 28. Because McCall's claims in the Amended Complaint are not "based" on these extrinsic documents, the documents may not be considered on a 12(b)(6) motion to dismiss. *See Mayer*, 605 F.3d at 230.

In *Schmidt*, the Third Circuit held that it was premature to dismiss a case under Rule 12(b)(6) on statute of limitations grounds where the time-bar was not apparent on the face of the complaint. 770 F.3d at 253. In that case, the defendant claimed that the statute of limitations barred the claims and the plaintiff countered that the discovery rule had tolled the running of the statute of limitations. *Id.* at 245. After relying on documents extraneous to the complaint, the district court granted the 12(b)(6) motion to dismiss. *Id.* at 248. The Third Circuit reversed the district court because it had impermissibly relied on documents extraneous to the complaint and the district court's ruling was premature because the complaint did not show whether the discovery rule saved the claims. *Id.* at 249-253. Similarly, Thazhathel contends that the Amended Complaint demonstrates that the statute of limitations bars McCall's claims against him, to which McCall responds that the relation back doctrine renders the claims timely—a defense that requires examination of evidence extraneous to the Amended Complaint. But, as *Schmidt* instructs, extraneous evidence may not be considered on a 12(b)(6) motion to dismiss. Therefore, because the Amended Complaint does not show whether McCall's defense saves the

claims, it is premature to consider the statute of limitations argument at this stage of the litigation.

## IV. CONCLUSION

For the reasons set forth above, I will deny Thazhathel's motion to dismiss.

__s/ANITA B. BRODY, J.__
ANITA B. BRODY, J.

Copies VIA ECF on 08/10/2020